### BALZ v. SHAW.

(City Court of New York, General Term. March 19, 1895.)

ESTOPPEL TO DENY OWNERSHIP OF CHATTELS.

> Plaintiff sold a piano to a woman and took a chattel mortgage from her for the price, which, however, he never filed. At the same time he signed a receipt as follows: "Received of Mr. J. Schwartz [the buyer's husband] four hundred and forty (by note) dollars on account of piano." *Held*, that such receipt did not estop plaintiff to deny that the husband was the owner of the piano, as against defendant, who, relying thereon as evidence of the husband's ownership, made a loan to him, and took a chattel mortgage on the piano.

Appeal from trial term.

Action by Jacob Balz against Daniel M. Shaw for conversion. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

For decision on appeal from order refusing to correct case, see 32 N. Y. Supp. 220.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGER, JJ.

Jas. M. Fisk, for appellant.

J. P. Schuchman, for respondent.

VAN WYCK, J.   The action is for damages for the conversion of a piano, and plaintiff's proof is that he was a dealer in pianos, and had, on December 23, 1893, sold and delivered the one in question to Mrs. Joseph Schwarz, at No. 244 West Fifty-Second street, this city, for the sum of $450, of which $10 cash was paid, and he took back from her, on that day, a chattel mortgage on the piano to secure the payment of $440, the balance on the purchase price, which is still unpaid, and which contained, among others, a provision that, if she did not keep and retain the piano for her own use on said premises, "the whole principal sum, with interest, shall become due, and this sale absolute"; that this mortgage had not been filed in the register's office; that before commencement of this action the piano was in the possession of the defendant, who claimed it under a chattel mortgage thereon made to him by Mr. Joseph Schwarz, and it was then on storage in the warerooms of one Morse, an auctioneer and furniture dealer.   Although plaintiff's mortgage had not been filed as required by law, still it was valid as between him and Mrs. Joseph Schwarz, the mortgagor, and he was entitled to the immediate possession because of her breach, among others, of the condition and provision as to keeping and retaining the piano for her own use on the designated premises; hence the motion to nonsuit him was properly denied.   The defendant's proof shows that on January 2, 1894, Mr. Joseph Schwarz called at his office and requested a loan of $550, to be secured by chattel mortgage, and stated that he had a house full of furniture at 244 West Fifty-Second street, all of which he had brought from Chicago, except the piano, which he had bought in New York, and exhibited to him a receipt, signed by plaintiff, which will hereafter be considered; that thereupon defendant caused an inspection to be made of this furniture and piano at this house, and a search to be made in the register's office for chattel mortgages against Mr. Joseph Schwarz; that, being satisfied as to value, and that no such mortgage was filed, and relying on the receipt signed by plaintiff, and on the affidavit of his mortgagor that he was absolute owner of the furniture and piano, which was free of all liens, he, defendant, lent Joseph Schwarz $550, taking his two promissory notes of $275 each, dated January 4, 1894, one at two and the other at four months after date, and at the same time taking a chattel mortgage from him on this furniture and piano to secure the payment thereof, which mortgage was filed in the register's office on the same day.

Both plaintiff and defendant assume that Mr. and Mrs. Joseph Schwarz were a pair of swindlers, then residing at 244 West Fifty-Second street as husband and wife, but each claims he is entitled to the piano as against the other.   It is beyond question that the title to the piano passed in the first instance from the plaintiff to the woman, and that she gave him back a mortgage thereon, to secure payment of the purchase price; that he neglected to file the

same; and that his claim to the right of possession is made thereunder. There is no proof whatever that the woman ever transferred her ownership, right to possession, or possession of the piano to the man, except that defendant says, "I saw her once at the house when I went to look at the goods"; but does not give a single word that she spoke or that he or the man spoke in her presence. This slight evidence tending to show title in the man by estoppel against the woman was the testimony of a party, hence carried that question of such title to the jury. The presence of her piano in the house in which they lived as husband and wife is no evidence of either the ownership or possession thereof by the husband, and, moreover, the possession of a chattel, if there be no other evidence of property or authority to sell from the true owner, will not enable the possessor to give good title. Covill v. Hill, 4 Denio, 323.

Now, as to the paper signed by plaintiff, which was exhibited to defendant by the man when he requested the loan, and which is as follows:

"$440.　　　　　　　　　　　　New York, December 29, 1893.

Received of Mr. J. Schwartz four hundred and forty (by note) dollars on account of piano.

"[Signed]　　　　　　　　　　　　　　Jacob Balz."

Now, the inquiry is whether the plaintiff did by this writing confer upon Joseph Schwarz such an apparent title to or power of disposition over the piano in question as will now estop him from denying title in Schwarz when he transferred the same by mortgage to the defendant, taking in good faith and for value. This receipt is not a bill of sale, nor does it purport to convey title, nor is it evidence of a right to sell, nor does it give external indicia of the right of disposing of the same. It is simply an acknowledgment that Schwarz personally handed plaintiff a promissory note on account of a piano, but it does not indicate to whom the piano was sold, or by whom the note was made, and, if it evidences a sale to any one, it does not indicate whether it is absolute and conveying immediate title or conditional upon the payment of the note. It does seem that this very receipt should have put defendant upon inquiry the moment he saw it, and especially as it is dated only four days before it was shown to him. The defendant's motion to dismiss on the merits of the case was properly denied, and the case was submitted to the jury by a charge certainly as favorable to the defendant as he could expect, and to which he took no exception; and his only request was charged. The case is a very hard one for the defendant, but the jury have found that the person under whom he claims had no title, nor had the plaintiff armed him with "any symbol of property"; and as both plaintiff and defendant are innocent the jury saw no reason why the former should be a sufferer rather than the latter. Judgment and order affirmed, with costs. All concur.